EVANDER, J.,
concurring, and concurring specially.
Hannigan was convicted of trafficking in hydrocodone based on his possession of thirty-one hydrocodone tablets having a total weight of 22.2 grams. The trial court imposed a fifteen-year mandatory minimum prison sentence pursuant to section 893.135(l)(c)l.b., Florida Statutes (2009):
(c)l. Any person ... who is knowingly in actual or constructive possession of, 4 grams or more of ... hydrocodone ... commits a felony of the first degree, *451 which felony shall be known as “trafficking in illegal drugs,” punishable as provided in s. 775.082, s. 775.083, or s. 775.084. If the quantity involved:
[[Image here]]
b. Is 14 grams or more, but less than 28 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 years, and the defendant shall be ordered to pay a fine of $100,000.
Hannigan presented evidence that he took possession of his mother’s hydroco-done for the purpose of committing suicide. It is unclear from the record whether the trial court found his testimony to be credible. Even if the trial court accepted Hannigan’s story, I would reluctantly conclude that the statute, as applied to such facts, would not contravene the United States and Florida Constitutions’ prohibition against cruel and unusual punishment. Courts are to grant substantial deference to the legislature’s determination of criminal punishment because it is the legislature, not the judiciary, that establishes the maximum and minimum penalties for violations of the law. See State v. Benitez, 395 So.2d 514, 518 (Fla.1981).
Outside the context of capital punishment, successful challenges to the proportionality of a sentence are “exceedingly rare.” Rummel v. Estelle, 445 U.S. 263, 272, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (upholding imposition of mandatory life sentence under Texas recidivist statute where defendant’s third felony conviction was for obtaining $120.75 by false pretenses); see Ewing v. California, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (upholding sentence of twenty-five years to life for theft of golf clubs under California’s “Three Strikes and You’re Out” law); Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (imposition of life imprisonment sentence for trafficking in cocaine did not constitute cruel and unusual punishment notwithstanding defendant’s lack of prior felony convictions); Hutto v. Davis, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (sentence of two consecutive terms of twenty years’ imprisonment for possession with intent to distribute nine ounces of marijuana and distribution of marijuana was constitutional). But see Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (sentence of life imprisonment without possibility of parole constituted cruel and unusual punishment where defendant was convicted of uttering “no account” check for $100.00 under South Dakota’s recidivist statute and his prior felonies were “relatively minor”).
Hannigan’s constitutional argument is weakened by the fact that he had five prior felony convictions and was in possession of the hydrocodone in a public park near children. Notwithstanding these facts, if Hannigan’s possession of the hydrocodone was indeed solely for the purpose of taking his own life, then the required imposition of a fifteen-year mandatory minimum prison sentence resulted in a gross injustice.